RECEIVED
NOV 1 5 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| MADELINE BERGERON<br>o/b/o Matthew F. Bergeron<br><br>VS.<br><br>COMMISSIONER OF SOCIAL SECURITY | CIVIL ACTION NO. 06-1175<br><br>JUDGE DOHERTY<br><br>MAGISTRATE JUDGE METHVIN |

## RULING ON PETITION FOR ATTORNEY FEES AND LITIGATION EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT
*(Rec. Doc. 18)*

Before the Court is claimant's Motion for Attorney's Fees and Litigation Expenses Under the Equal Access to Justice Act, ("EAJA") filed on September 25, 2007 by social security claimant Madeline Bergeron ("Bergeron") on behalf of her minor son, Matthew Bergeron, ("Matthew"). The motion is unopposed.

Bergeron seeks a total of $1,343.75.00 in fees (10.75 hours at the rate of $125.00 per hour). In support of this request, Bergeron's counsel, Stephen A. Stefanski, submitted a petition describing the services performed on behalf of his client and the time billed in connection with each task in minimal increments of .25 hours.

*Background*

Bergeron protectively filed an application for childhood supplemental security income benefits on behalf of her minor son, Matthew, on October 29, 2003, alleging disability since January 1, 2001. Bergeron's application was initially denied. An administrative hearing was conducted on May 4, 2004. The ALJ issued an unfavorable decision on February 23, 2006. Bergeron appealed the decision to the Appeals Council, which denied her request for review on

2

May 12, 2006 and she subsequently filed a federal appeal of the ALJ's decision in this court on July 7, 2006.[1] On September 17, 2007, the district judge entered a judgment reversing the Commissioner's decision.[2] On September 25, 2007, Bergeron filed the instant application for fees.[3]

### *Guidelines for Attorneys' Fees and Expenses Calculation*

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. Martin v. Heckler, 754 F.2d 1262, 1264 (5th Cir. 1985). Since Bergeron is a prevailing party, and the Commissioner does not oppose an award of fees, I find that an award of fees is appropriate.

Under the Social Security Act, an attorney representing a claimant in a successful past-due benefits claim is entitled to a reasonable fee to compensate such attorney for the services performed by him in connection with such claim, not to exceed 25 percent of the total of the past-due benefits recovered. 42 U.S.C. §§406(a), (b)(1). The "lodestar" approach has been adopted by the Fifth Circuit for calculating reasonable attorneys' fees in social security cases. Brown v. Sullivan, 917 F.2d 189, 191 (5th Cir. 1990). The starting point under this approach is the number of attorney hours reasonably expended on litigation multiplied by a reasonable hourly rate. Id. at

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 17.

[3] Rec. Doc. 18.

192; <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant community for similar legal services are measures typically used as a first approximation of the reasonable hourly rate. <u>Brown</u>, 917 F.2d at 192.

Once determined, the product of this calculation, or the "lodestar," may be adjusted upward or downward based on the court's consideration of the circumstances surrounding the case. <u>Id.</u> This process is guided by the twelve factors set forth by the Fifth Circuit in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974). <u>Mid-Continent Casualty Company v. Chevron Pipe Line Company</u>, 205 F.3d 222, 232 (5th Cir. 2000). The twelve <u>Johnson</u> factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Johnson</u>, 488 F.2d at 717-19. The Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors, and the Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." <u>Walker v. U. S. Department of Housing and Urban Development</u>, 99 F.3d 761, 771-72 (5th Cir. 1996); <u>Alberti v. Klevenhagen</u>, 896 F.2d 927, 936 (5th Cir.), *modified on other grounds*, 903 F.2d 352 (5th Cir. 1990), citing <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92

L.Ed.2d 439 (1986).

### Reasonable Hourly Rate

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The customary hourly rate in this area has fluctuated between $100.00 and $125.00. Mickey J. Comeaux v. Commissioner of Social Security, No. 99-0691 (January 12, 2000) ($100); Bonnie G. Duhon v. Commissioner of Social Security, No. 98-1883 (June 29, 1999) ($100); Randy P. Bertrand v. Commissioner of Social Security, No. 98-1220 (June 2, 1999) ($100); Joseph Provost v. Commissioner of Social Security, No. 99-1136 (July 7, 2000) ($125); Rhonda G. Huval v.Commissioner of Social Security, No. 99-1056 ($125).

I note that Mr. Stefanski is an experienced attorney who has provided competent legal services to claimants seeking social security benefits for many years. I therefore conclude that $125.00 per hour is an appropriate hourly fee.

### Reasonable Hours Expended

The Commissioner does not oppose the number of hours claimed by the claimant's attorney. Furthermore, the undersigned concludes that 10.75 hours is a reasonable number of hours to expend on a case of this type.

### Johnson Analysis

The next step requires that the court analyze the twelve Johnson factors to determine if the lodestar requires adjustment. A listing of the factors and analysis of each factor as it applies

5

in this case follow. (1) Time and labor involved: the lodestar adequately compensates time and labor involved. (2) Novelty and difficulty of the questions: similar issues in this case have been previously addressed by this court. (3) The skill required to perform the legal services properly: the hourly rate adequately compensates counsel for the level of skill required to handle this case competently. (4) Preclusion of other employment: no evidence was offered to establish that this case precluded handling of other cases. In addition, the billing of a total of 10.75 hours by the attorney over an sixteen- month period precludes such a finding. (5) Customary fee: decisions rendered in this District indicate that the hourly rate awarded in social security cases in this area fluctuates between $100.00 and $125.00 per hour. The undersigned concludes that the rate of $125.00 per hour is appropriate in this case. (6) Fixed or contingent fee: this case was billed on an hourly basis; thus, this factor does not justify adjustment.[4] (7) Time limitations: no evidence was adduced on this point.[5] (8) The time involved and the results obtained: this matter was resolved approximately eight months after the complaint was filed; however, as the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced in support, the lodestar requires no adjustment. Walker, 99 F.3d at 771. (9) The experience, reputation and ability of counsel: counsel enjoys the reputation of providing competent representation; the lodestar, however, adequately compensates for this factor. (10) The undesirability of the case: no evidence was adduced on this point. (11) The nature and length of

---

[4]In Walker, 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. See, City of Burlington v. Dague, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 320 (5th Cir.), cert. denied, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[5]The seventh factor is subsumed in the number of hours reasonably expended. Walker, 99 F.3d at 772.

6

the professional relationship with the client: no evidence was adduced on this point. (12) Awards in similar cases: Counsel has not cited any in the motion for attorney's fees. The lodestar is presumptively reasonable and should be modified only in exceptional cases. <u>City of Burlington</u>, 112 S.Ct. at 2641. This is not such a case; the lodestar requires no adjustment.

**IT IS THEREFORE ORDERED** that the sum of $1,343.75 in attorney's fees and is awarded to Madeline Bergeron on behalf of Matthew F. Bergeron as an EAJA fee. The Commissioner of the Social Security Administration shall forward a check payable to Stephen A. Stefanski in the amount of $1,343.75 pursuant to 28 U.S.C. §2412(d)(1)(A) within forty-five days of this date.

Signed at Lafayette, Louisiana on November __15__, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 11/15/07
BY: CW
TO: mem